# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sabri Properties, LLC, | Case No. 18-cv-3098 (MJD/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis, | |
| Defendant. | |

Robert M. Speeter, Speeter & Johnson, 120 South Sixth Street, Suite 1515, Minneapolis, MN 55402, for Sabri Properties, LLC

Sarah C. S. McLaren, Office of the Minneapolis City Attorney, 350 South Fifth Street, City Hall-Room 210, Minneapolis, MN 55415, for the City of Minneapolis

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Sabri Properties, LLC's Motion for Leave to File Amended Complaint [Doc. No. 32]. The motion is denied as set forth below.

## I.     Background

Plaintiff Sabri Properties, LLC ("Sabri") is a limited liability company organized under the laws of Minnesota. (Compl. ¶ 3 [Doc. No. 1].) Sabri brought suit against the Defendant City of Minneapolis ("the City") for allegedly violating its right to due process under the Fourteenth Amendment to the U.S Constitution, violating its right to due process under the Minnesota Constitution and Minnesota state law, and depriving it of the right to a jury trial as guaranteed by the Minnesota Constitution. (Compl. ¶¶ 10–19.)

1

On March 6, 2019, this Court issued a Report and Recommendation recommending that all claims be dismissed. (R. & R. at 18 [Doc. No. 29].) The District Court adopted the Report and Recommendation on April 10, 2019, and dismissed all claims with prejudice. (Order at 2 [Doc. No. 44].) The District Court did not enter judgment, however, because Sabri filed the motion to amend the complaint in the meantime.

Through the motion to amend, Sabri asks for leave to bring a claim that the City violated the Excessive Fines Clause of the Eighth Amendment. Sabri contends that an administrative fine levied against it in the amount of $3,200[1] and the City's administrative "fine schedule are unreasonable in light of the lack of severity of the offenses for which they are imposed or authorized." (Proposed Am. Compl. ¶ 13 [Doc. No. 32-1].) Sabri relies on *Timbs v. Indiana*, 139 S. Ct. 682, 686–87 (2019), as providing the legal basis for its new claim. (*Id.* ¶ 14.) The City opposes the motion on the basis of futility.

## II.    Legal Standards

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[1] On October 10, 2018, the City received a complaint that Sabri had blocked a sidewalk or lane with construction materials and equipment at 2900 Pleasant Avenue South without a valid permit. (Compl. Ex. A [Doc. No. 1-1].) On October 12, 2018, citing this as Sabri's fifth violation of Minneapolis Code of Ordinances ("MCO") § 430.30(2) within a 24-month period, the City issued an administrative citation to Sabri in the amount of $3,200. (Compl. Ex. A.)

"[T]here is no absolute right to amend," however, and a court may deny leave to amend "based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (citation omitted). When a party challenges a proposed amendment on futility grounds, as the City does here, the Court considers whether the amendment could withstand a Rule 12(b)(6) motion to dismiss. *See Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

On a motion to dismiss filed pursuant to Rule 12(b)(6), the Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Discussion

The Excessive Fines Clause of the Eighth Amendment prohibits the imposition of excessive fines by the government. U.S. Const. amend. VIII. The Clause checks the government's power to impose a fine "as *punishment* for some offense." *Austin v. United States*, 509 U.S. 602, 609–10 (1993) (quotation omitted) (emphasis in *Austin*). The

3

applicability of the Excessive Fines Clause does not depend whether the fine is civil or criminal in nature, but "whether it is punishment." *Id.* at 610. Furthermore, the court need not exclude the possibility that the fine serves remedial purposes to find that it is subject to the Excessive Fines Clause. If a civil sanction "cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes," it is punishment. *Id.* (quoting *United States v. Halper*, 490 U.S. 435, 448 (1989)).

Very recently, the United States Supreme Court held in *Timbs v. Indiana*, 139 S. Ct. 682 (2019), that the Excessive Fines Clause was incorporated by the Due Process Clause of the Fourteenth Amendment, and thus applicable to the States. *Id.* at 686–87. Sabri argues that *Timbs* "at least impliedly held the excessive fines prohibition to be implicated under very similar facts." (Pl.'s Mem. Supp. Mot. Amend at 3 [Doc. No. 33].) The Court respectfully disagrees with this characterization of *Timbs*. Not only was *Timbs* decided on very different facts, but its holding did not alter the substantive scope of excessive-fines jurisprudence. *Timbs* established only that the Excessive Fines Clause was applicable to the States.

In *Timbs*, the State of Indiana brought a civil forfeiture action against a criminal defendant to obtain a vehicle seized at the time of the defendant's arrest. 139 S. Ct. at 686. The maximum monetary fine for the offense of conviction was $10,000, and the vehicle was worth more than $40,000. *Id.* The trial court determined that forfeiture of the vehicle "would be grossly disproportionate to the gravity of [the] offense," and thus unconstitutional under the Excessive Fines Clause. *Id.* The state supreme court reversed

4

the trial court on the ground "that the Excessive Fines Clause constrains only federal action and is inapplicable to state impositions." *Id.* The question presented to the United States Supreme Court was whether the Excessive Fines Clause is applicable to the States, and the Court held that it was. *Id.* at 686, 689. The Supreme Court did not discuss, let alone decide, whether the forfeiture in that case in fact constituted punishment or, even if so, was disproportionate, nor did it discuss whether the type of administrative fine levied here is subject to the Excessive Fines Clause.

Thus, the Supreme Court's decision that the Excessive Fines Clause is applicable to the States does not, in and of itself, open the door for Sabri's proposed new claim against the City. Sabri must still plead sufficient facts to create a reasonable inference that the fine was punitive in nature and that it was disproportionate to the gravity of the offense in respect to which it was imposed. *See United States v. Aleff*, 772 F.3d 508, 512 (8th Cir. 2014) ("The Excessive Fines Clause applies to civil penalties that are punitive in nature.").

This Court has already discussed the fine at issue in this case, in the context of Sabri's former due process claim, and determined that it was a civil, not criminal, penalty. (R. &. R. at 15.) As noted, that does not automatically mean it escapes scrutiny under the Excessive Fines Clause, but the discussion in the previous Report and Recommendation that addressed whether the penalty was so punitive in purpose or effect as to transform the nature of the penalty from civil to criminal remains relevant, and is therefore incorporated by reference here. Briefly stated, the Court determined that the fine did not impose any disability or restraint on Sabri; that municipal corporations

5

frequently enforce ordinances through fines; that monetary penalties have not historically been considered punishment; that the violation at issue did not require a finding of scienter; that the fine had a civil deterrent effect; that the MCO acknowledges that civil fines may not be imposed for violations that are classified as a crime; and that Sabri was cited for not having an appropriate permit to obstruct a right-of-way, which is not a crime. (R. & R. at 13–15.)

In the excessive-fines context, however, a fine may constitute punishment when, for example, it does not serve a remedial purpose such as replacing revenue lost by the government. *See United States v. Bajakajian*, 524 U.S. 321, 329 (1998). The City does not offer a remedial purpose to the fine imposed on Sabri. On the contrary, the administrative citation issued by the City informed Sabri that the $3,200 fine was imposed because the violation was Sabri's fifth such violation in 24 months. (Compl. Ex. A [Doc. No. 1-1].) Moreover, as already discussed, even if there is some remedial purpose, the fine may still be considered a punishment subject to the restrictions of the Excessive Fines Clause if it "cannot fairly be said *solely* to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes." *Austin*, 509 U.S. at 610 (quoting *Halper*, 490 U.S. at 448 (emphasis added). Drawing a reasonable inference in Sabri's favor, the City's explanation of the size of the fine suggests at least some element of deterrence or retribution and therefore punishment.

Though the punitive nature of the fine is essential for an Excessive Fines Clause claim, "[t]he touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship

6

to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Id.* An excessive-fines claim requires the plaintiff must show both "(1) gross disproportionality; and (2) the disproportionality is of such a level that the punishment is more criminal than the crime." *Mills v. City of Grand Forks*, 614 F.3d 495, 501 (8th Cir. 2010).

In most cases, the issue of proportionality is addressed at the summary judgment, or later, stage. The Eighth Circuit has said that consideration of the proportionality of a forfeiture "requires a *fact-specific* evaluation of all the circumstances." *United States v. Bieri*, 21 F.3d 819, 824 (8th Cir. 1994) (emphasis added). In a subsequent opinion in the same matter, the court identified the relevant factors for determining whether the facts establish gross disproportionality as

> the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, and the value of the property forfeited. . . . Other helpful inquiries might include an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability and, of course, the extent that the defendant's interest and the enterprise itself are tainted by criminal conduct.

*United States v. Bieri*, 68 F.3d 232, 236 (8th Cir. 1995) (cleaned up). On the other hand, in *Mills*, the Eighth Circuit affirmed the dismissal of an excessive-fines claim pursuant to Rule 12(c). 614 F.3d at 501. There, a fine imposed for a citation of careless driving was $150, whereas the statutory amount of the fine was $30. *Id.* at 497. The plaintiff in *Mills* alleged that "a fine greater than that allowed by state law" is excessive. *Id.* at 501. The court disagreed, noting that the plaintiff had not shown that the fine was "grossly

7

disproportionate in a constitutional sense," and that "[o]n its face, the fine for Mills's careless driving does not appear unreasonable or excessive." *Id.*

Here, Sabri alleges that the $3,200 fine levied against it was "unreasonable in light of the lack of severity of the offenses for which they are imposed or authorized." (Proposed Am. Compl. ¶ 13.) But Sabri does not allege that the fine was "grossly disproportionate" to the gravity of the violation, nor does Sabri allege facts that would support a reasonable inference that the imposition of the $3,200 fine was more wrongful than the violation itself, especially in light of the fact that this was Sabri's fifth violation of MCO § 430.30(2) in less than 24 months. Accordingly, the Court finds that the excessive-fines claim proposed by Sabri is futile, and leave to amend is denied.

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Sabri Properties, LLC's Motion for Leave to File Amended Complaint [Doc. No. 32] is **DENIED**.

Dated: May 9, 2019           s/ *Hildy Bowbeer*
                             HILDY BOWBEER
                             United States Magistrate Judge